# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH HODGES,<br><br>    Plaintiff,<br><br>v.<br><br>HOLIDAY INN SELECT,<br><br>    Defendant.<br>_____/ | No. 07-cv-1169 LJO NEW (TAG)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 6)<br><br>ORDER FINDING THAT PLAINTIFF'S COMPLAINT STATES A COGNIZABLE CLAIM (Doc. 1)<br><br>ORDER FOR SERVICE OF COMPLAINT |

On August 13, 2007, Plaintiff Brian Keith Hodges ("Plaintiff"), a non-prisoner proceeding pro se, filed a motion to proceed in forma pauperis ("IFP") in his civil rights complaint, 42 U.S.C. § 1983. (Docs. 1, 2). The matter had been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. On August 16, the undersigned judge ordered Plaintiff to submit a new IFP application that contained additional information.[1] (Doc. 3). On August 31, 2007, Plaintiff timely filed his new IFP application. (Doc. 6). An examination of Plaintiff's IFP application (Doc. 6), filed on August 31, 2007, reveals that he is unable to afford the costs of this action. Accordingly, the application to proceed IFP is GRANTED.

Because Plaintiff has been granted leave to proceed IFP, this Court must "screen" his complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be

---

[1] Plaintiff's original IFP application inadvertently was forwarded to and granted by the duty magistrate judge on August 22, 2007. (Doc. 4). Nevertheless, because this Court previously ordered Plaintiff to submit a new IFP application, it will review the application he filed on August 31, 2007. (Docs. 3, 6).

1

granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Here, the thrust of Plaintiff's complaint is that Defendant, Holiday Inn Select, in conjunction with the Bakersfield Police Department, caused him to be unreasonably seized and falsely arrested on November 6, 2006. (Doc. 1). The Court finds that Plaintiff appears to state a cognizable claim for relief under 42 U.S.C. § 1983 against defendant Holiday Inn Select for illegal seizure, in violation of the Fourth Amendment. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 6) is GRANTED;

2. Service is appropriate for defendant HOLIDAY INN SELECT;

3. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed August 13, 2007;

///

///

4. Within thirty (30) days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Three (3) copies of the endorsed complaint filed August 13, 2007.

5. Plaintiff need not attempt service on the defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

**The failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated: **September 4, 2007**                    /s/ **Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE