1
2
3
4
5 **IN THE UNITED STATES DISTRICT COURT**

6
7 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8
9 BRIAN KEITH HODGES,                    No. 07-cv-1169 OWW TAG

10            Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                         TO DISMISS FIRST AMENDED COMPLAINT
11    v.
                                         (Doc. 16)
12 HOLIDAY INN SELECT,

            Defendant.
13 _____/

14
                        **PROCEDURAL BACKGROUND**
15
16          On August 13, 2007, Plaintiff Brian Keith Hodges ("Plaintiff"), a non-prisoner proceeding

17 pro se, filed a civil rights complaint.  42 U.S.C. § 1983.  (Doc. 1).  The matter was referred to the

18 Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.  On August

19 31, 2007, Plaintiff was granted leave to proceed informa pauperis.  (Doc. 8).  On September 21,

20 2007, the Court directed the United States Marshal to serve the complaint.  (Docs. 8, 13).[1]  On

21 February 26, 2008, Plaintiff filed a first amended complaint.  (Doc. 16).  On April 28, 2008, the

22 Court vacated its order for service of the original complaint.  (Doc. 19).

23 _____

[1]On December 20, 2007, Defendant, Holiday Inn Select ("Defendant"), filed a Notice of Related Cases,
24 informing the Court that this matter, originally styled as Case No. 07-cv-1169-LJO-TAG, Case No. 07-cv-0615-OWW-
TAG (David Alexander Hodges v. Holiday Inn Select), and Case No. 07-cv-0616-OWW-TAG (Daniel v. Holiday Inn
25 Select), contained identical allegations of fact and involved the same legal issues.  (Doc. 14).  On December 27, 2007,
United States District Judge Lawrence J. O'Neill ordered that the three cases be related and assigned to Senior United
26 States District Judge Oliver W. Wanger under Case No. 07-cv-1169-OWW-TAG.  (Doc. 15).  In January 2008, Judge
Wanger granted the defendant's Motions to Dismiss in Nos. 07-cv-0615-OWW-TAG and 07-cv-0616-OWW-TAG.  (Id.;
27 see Dkt. 07-cv-0615, Docs. 16, 26; Dkt. 07-cv-0616, Docs. 16, 27).

28                                        1

**ISSUE**

Plaintiff filed his first amended complaint as a matter of right before any responsive pleading was filed.  Fed.R.Civ.P. 15(a); (see Dkt. Sheet).  Because Plaintiff is proceeding in forma pauperis, the  Court must "screen" the first amended complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

A claim is frivolous when it based on an indisputably meritless legal theory or its factual contentions are baseless.  Neitzke v. Williams, 490 U.S. 319, 324, 327, 109 S. Ct. 1827 (1989).  The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46, 35 S. Ct. 236 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

The first amended complaint alleges that Defendant violated Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment in violation of 42 U.S. C. § 1983, and alleges that Defendant "executed an illegal eviction" of Plaintiff and others. (Doc. 16, p. 2).   Interpreting the pleading liberally, the Court construes the latter allegation as an attempt to state a state cause of action for wrongful eviction.

Specifically, Plaintiff alleges that on November 3, 2006, he was a guest in room #911 in Defendant's hotel when:

2

. . . at the behest and direction of defendant security staff Officers of the Bakersfield Police Department forcibly entered room #911 with their guns drawn and thereafter placed plaintiff under arrest and held in handcuffs for approximately 2½ hours and released upon a citation ticket (for trespassing) and promise to appear in court. Plaintiff is informed and thereon alleges that it is defendant 'custom', usage or policy to call the Bakersfield Police Department to lend assistance and/or aid in immediate eviction of patron without benefit of due process or court order.

Plaintiff was constrained to appear at all court appearances which were had in connection with aforesaid baseless arrest for trespassing.  Plaintiff further alleges that defendants actively engaged in the willful and intentional with state actors (Bakersfield Police Department) in the prohibited acts complained of herein and therefore defendant-Holiday Inn Select was acting under "color of state law" for purposes section 1983 liability.  Plaintiff further alleges that defendant are liable under section 1983 which imposes liability upon [a]ny person who "subjects" or causes to be subjected another to the deprivation of a constitutional right . . . if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made.

(Doc. 16, 1:18-2:8).

Plaintiff seeks an award of $50,000 plus attorney's fees.  (Id., 2:12-18)

**ANALYSIS**

The Court has screened Plaintiff's first amended complaint for adequacy, and makes the following ruling.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).  The 'under color of state law' requirement of § 1983 is equivalent to the 'state action' requirement of the Fourteenth Amendment.  United States v. Price, 383 U.S. 787, 794, n. 7, 86 S. Ct. 1152 (1966).

For a private party's conduct to constitute state action, two elements must be met:  "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible... . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar v.

3

1   Edmondson Oil Co. Inc., 457 U.S. 922, 937, 102 S. Ct. 2744 (1982).  The Ninth Circuit has advised

2   that "[w]hen addressing whether a private party acted under color of law, we [...] start with the

3   presumption that private conduct does not constitute government action."  Sutton v. Providence St.

4   Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999).

5         Federal courts have developed at least four tests to decide whether a private party's conduct

6   is state action for purposes of § 1983.  They are the public function test, state compulsion test, the

7   symbiotic relationship test, and the joint action test.  Rendell-Baker v. Kohn, 457 U.S. 830, 842-843,

8   102 S. Ct. 2764 (1982);  Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157-158, 98 S. Ct. 1729 (1982);

9   Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S. Ct. 183 (1980);  Adickes v. S.H. Kress & Co., 398 U.S.

10  144, 152-153, 90 S. Ct. 1598 (1970);  Gorenc v. Salt River Project Agric. Imp. and Power Dist., 869

11  F. 2d 503, 507-508 (9th Cir. 1989).

12        Under the public function test, a private party who performs a function that has traditionally

13  been "the *exclusive* prerogative of the State" may be deemed a state actor.  Rendell-Baker, 457 U.S.

14  at 842 (italics in original); Brunette v. Humane Society of Ventura County, 294 F. 3d 1205, 1214

15  (9th Cir. 2002).  Examples of public functions include holding an election and governing a town.  Id.

16  (citations omitted).  To satisfy this test, the private party must be "functioning as the government."

17  Gorenc, 869 F. 2d at 508. The first amended complaint alleges no facts from which it can be inferred

18  that Defendant functions as the government.

19        Under the state compulsion test, courts consider whether a private party violated a

20  constitutional right "under the 'compulsion' or framework of a state law or a state custom having the

21  force of law."  Gorenc, 869 F. 2d at 508.  In applying this test, courts examine whether the private

22  party was compelled to act by any such law or custom.  The first amended complaint alleges no facts

23  from which it can be inferred that Defendant was compelled to act by any state law or custom.

24        Under the symbiotic relationship or nexus test, courts focus on whether there is a sufficiently

25  close connection between the State and the actions of a private party, such that the private party's

26  actions may be considered to be those of the State.  In applying this test, courts consider  "whether

27  the state has 'so far insulated itself into a position of interdependence with the [private actor] that it

28                                              4

must be recognized as a joint participant in the challenged activity.'" Franklin v. Fox, 312 F. 3d 423, 445 (9th Cir.2002) (citations omitted). The significant feature of a symbiotic relationship is substantial coordination and integration between the private party and the State. Brunette, 294 F. 3d at 1213. Here, the first amended complaint alleges no facts from which it can be inferred that there was a symbiotic relationship between Defendant and the police.

Under the joint action test, courts examine whether a private party is a "willfull participant with the State or its agents" in an activity that deprives another of a constitutional right. Brunette, 294 F.3d at 1211. A private party is liable under this test "only if the particular actions challenged are inextricably intertwined with those of the government." Mathis v. Pacific Gas and Elec. Co., 75 F. 3d 498, 503-504 (9th Cir. 1996)(citing Collins, 878 F. 2d. at 1154.) Here, the first amended complaint does not allege a conspiracy to violate Plaintiff's constitutional rights. However, it does include at least three allegations that warrant discussion, as set forth below.

1. Defendant called the police

The first amended complaint alleges that Defendant called the police "to assist in restraining invited patrons entering the establishment." (Doc. 16, p. 1, lines 13-15). Assuming, arguendo, that this allegation is true, it does not mean that Defendant is a state actor. It is well settled that calling the police for assistance does not convert a private party into a state actor. Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989); see also Peng v. Mei Chin Penghu, 335 F. 3d 970, 980 (9th Cir. 2003); Arnold v. IBM Corp., 637 F. 2d 1350, 1357-1358 (9th Cir. 1981); Sykes v. State of California (Department of Motor Vehicles), 497 F. 2d 197, 202 n.3 (9th Cir. 1974); Johns v. Home Depot U.S.A., Inc., 221 F.R.D 400, 405 (S.D.N.Y. 2004).

2. Defendant customarily calls the police

The first amended complaint also alludes to other calls for police assistance at the hotel, i.e., it states that Plaintiff is "informed and thereon alleges" that Defendant customarily calls the police for assistance "in immediate eviction of patron" without due process or court order. (Doc. 16, p. 1,

1    lines 21-23).  This is a vague and conclusory allegation.[2]  "A plaintiff must allege facts, not simply

2    conclusions, to show that an individual was personally involved in the deprivation of his civil

3    rights."  <u>Barren v. Harrington</u>, 152 F. 3d 1193, 1194 (9th Cir. 1998); <u>see Sprewell v. Golden State</u>

4    <u>Warriors</u>, 266 F. 3d 979, 988 (9th Cir. 2001); <u>Woodrum v. Woodward County</u>, 866 F. 2d 1121, 1126

5    (9th Cir. 1989)(conclusory allegations of a conspiracy do not support a §1983 claim).  Assuming,

6    arguendo, that Defendant customarily calls the police for assistance at the hotel, it does not evince a

7    sustained, joint effort or concerted action that substituted Defendant's judgment for that of the

8    police.

9        3.  <u>Defendant directed the police to evict or arrest occupants</u>

10    The first amended complaint also alleges that Defendant's security personnel "directed"

11    police officers to enter the hotel room and evict or arrest the occupants, and that Plaintiff was

12    "thereafter" arrested.  (Doc. 16, p. 1, lines 15-21).  Assuming, arguendo, that these allegations are

13    true, it does not mean that the actions of Defendant and the police are "inextricably intertwined,"

14    that there was a meeting of the minds between Defendant and the police to violate Plaintiff's

15    constitutional rights, or that the police arrested Plaintiff  pursuant to a preconceived plan.  The fact

16    that a private party complains to the police, files a complaint with the police, executes a sworn

17    affidavit that forms the basis of an arrest, or asks that an individual be arrested, does not convert the

18    private party's acts into state actions.  <u>Collins</u>, 878 F. 2d at 1155 (citing <u>Sims v. Jefferson Downs</u>

19    <u>Racing Association</u>, 778 F.2d 1068, 1078-1079 (5th Cir. 1985)); <u>see Peng</u>, 335F. 3d at 980; <u>Daniel</u>

20    <u>v. Furguson</u>, 839 F. 2d 1124, 1130 (5th Cir. 1988); <u>Young v. Harrison</u>, 284 F. 3d 863, 870 (8th Cir.

21    2002); <u>see</u> <u>also</u> <u>Carey v. Continental Airlines , Inc.</u>, 823 F. 2d 1402, 1404 (10th Cir. 1987).  "Where

22    a private person merely seeks the assistance of the police to quell a disturbance, the private party is

23    not 'jointly engaged' in the police officer's conduct so as to render it a state actor under § 1983."

24    <u>See</u> <u>Liwer v. Hair Anew</u>, 2000 WL 223828 *2 (S.D.N.Y. Feb. 25, 2000).

25

26        [2] The first amended complaint includes another conclusory allegation devoid of facts with respect to the color of
law element.  At page 2, lines 2-5, it alleges that "defendants actively engaged in the willful and intentional (sic) with

27    state actors (Bakersfield Police Department) ... and therefore defendant-Holiday Inn Select was acting under "color of
state law" for purposes of section 1983 liability."  .

28                                    6

In <u>Lee v. Town of Estes Park</u>, 820 F. 2d 1112, 1114-1115 (10th Cir. 1987), a private party effected a citizen's arrest, transported the arrested party to the police station, tried to persuade the police to file charges, and swore out a complaint against the arrested party.  The court held that the private party's conduct did not constitute joint action.  <u>Id.</u> at 1114-1115.  In <u>Carey</u>, an airport manager called a security officer, complained about the plaintiff's presence, the plaintiff was escorted to a security station, and the manager signed a complaint charging the plaintiff with trespassing.  The court held that the manager's conduct did not constitute state action.  <u>Carey</u>, 823 F. 2d at 1404.  Here, at most, the facts alleged show that Defendant called the police, told them to evict or arrest the occupants of a room in Defendant's hotel, and that at least one occupant -Plaintiff- was arrested.  This does not amount to state action.

## CONCLUSION

The first amended complaint fails to state a cognizable claim because it fails to allege facts to establish the state action element of a § 1983 claim.  Given the lack of claims over which this Court has original jurisdiction, the Court is not obligated to consider any state claim that Plaintiff  may have.  28 U.S.C. § 1367(c)(3).  Plaintiff has already amended his complaint once.  Dismissing the first amended complaint with leave to amend will serve no purpose, because the acts complained of do not constitute a cognizable § 1983 claim even if Plaintiff were to have another opportunity to state his claim with greater particularity.

## RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED THAT:

1.  Plaintiff Brian Keith Hodges' First Amended Complaint, (Doc. 16), be DISMISSED WITH PREJUDICE for failure to state a claim;

2.  Judgment be ENTERED for Defendant Holiday Inn Select; and

3.  The Clerk of Court be DIRECTED to close this matter.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

1   fifteen (15) days after being served with the Findings and Recommendations, Plaintiff may file

2   written objections with this Court.  Such a document should be captioned "Objections to Magistrate

3   Judge's Findings and Recommendations."  Defendant will have ten (10) court days after Plaintiff

4   files his objections to file its "Reply to Objections of Magistrate Judge's Findings and

5   Recommendations."  The District Judge then will review the Magistrate Judge's ruling pursuant to

6   28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

7   time may waive their right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

8   Cir. 1991).

9

10   IT IS SO ORDERED.

11   Dated:   **May 1, 2008**                                                     **/s/ Theresa A. Goldner**
                                                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28